THE PEOPLE *ex rel.* John J. Healy, State's Attorney, Relator, *vs.* MICHAEL J. MALONEY, Respondent.

*Opinion filed April 23, 1909.*

ATTORNEYS AT LAW—*signing name to appeal bond and affidavit without authority is ground for disbarment.* An attorney who imposes upon the court by signing the name of a person to an appeal bond and affidavit without the knowledge or consent of the person whose name he signed is guilty of conduct justifying disbarment.

INFORMATION to disbar.

JOHN L. FOGLE, for relator.

LEVI SPRAGUE, for respondent.

Per CURIAM: This is an information filed by the State's attorney of Cook county, at the relation of various attorneys constituting the grievance committee of the Chicago Bar Association, asking for the disbarment of Michael J. Maloney for failing to account for a portion of the money turned over to him as attorney for the executor of the estate of Ann Collier, and also charging that he signed the name of one Peter Doody to an appeal bond without authority. The matter was referred to a master in chancery of the circuit court of Cook county as commissioner to take evidence, and he recommended that respondent be disbarred.

Respondent was admitted to the bar of this court June 9, 1891, and has since been engaged in active practice in

Cook county. In April, 1899, letters testamentary on the estate of Ann Collier, deceased, were issued out of the probate court of Cook county to one Peter Doody. The estate was inventoried at something over $2000. At the request of said Doody the respondent undertook the charge of the collection and distribution of the assets of the said estate and collected from time to time various sums from persons indebted thereto. The master made a report, in detail, as to the collection and disbursement of the moneys of this estate. The evidence is in some conflict as to who handled the moneys collected and disbursed, the respondent claiming that Doody handled part of it. The master reports that the respondent has a balance due said estate of $182.78, which balance he promised to pay the estate, but that he had, "up to the present time, failed and neglected so to do."

In the matter of signing said appeal bond the evidence is substantially as follows: In the case of *Felt* v. *Ruehlman*, then pending in the circuit court of Cook county on appeal from a justice court, at the July term, 1902, an appeal bond was filed in the sum of $100 by the respondent. The bond was signed by Jane Ruehlman as principal and in the name of Peter Doody as surety. The signature of the principal we understand to be genuine. There is an affidavit attached to the bond, signed "Peter Doody" and certified as sworn to before M. J. Maloney, notary public, setting forth that said Doody is worth a certain sum over liabilities and is the owner of certain real estate. Doody testified, at the hearing before the commissioner, that he did not sign either the bond or the affidavit and did not authorize the respondent or any other person to sign them. The testimony of respondent is to the effect that he went to Doody's residence and found him engaged in carpenter work about the house; that Doody told respondent to go ahead and sign his name to the bond; that a day or two afterwards Doody came to respondent's office and signed his name to the affidavit, and

240—7

when respondent went over to the circuit clerk's office to file the bond he discovered the name was not on the bond, so he signed Doody's name to it. Respondent further testified that he thought he signed Doody's name to the bond in the presence of the deputy circuit clerk who approved the bond. This deputy, who had charge of appeal bonds in the circuit clerk's office at that time and for many years theretofore, testified that according to the practice of the office he would not have taken a bond if he had known the name of the surety was signed by another, unless it was done under a written power of attorney; that on account of the many bonds filed with him he could not remember any of the details of this particular one. The appeal in which the bond was filed was decided against Mrs. Ruehlman and efforts were made to collect on the bond from Doody, which he testifies was the first notice he had that the bond had been filed purporting to be signed by him. Marshall D. Ewell, a handwriting expert introduced on behalf of relator, testified that he had made a special study of handwriting for over twenty-four years and had examined disputed writings in a very large number of cases; that he had examined a number of exhibits in this case whereon the name of Peter Doody appeared and which were admitted to be written by the respondent; that he had also examined the bonds in question, and that in his opinion the name of Peter Doody on both the bond and the affidavit was in the handwriting of respondent. Doody himself testified that he was familiar with the handwriting of respondent, and that in his opinion the name to the bond in question had been signed by respondent, although he had some doubt as to whether it was respondent or someone else who had written his (Doody's) name to the affidavit on the back of the bond.

The master, on hearing the evidence, reported that in his judgment the respondent "wrote both of the names of Peter Doody upon the face and back of the said bond and

deliberately imposed upon the circuit court of Cook county, Illinois, by filing with the clerk thereof said appeal bond knowing that it was not signed by said Peter Doody, and that the said Michael J. Maloney willfully and wrongfully wrote the signatures of said Peter Doody upon the said appeal bond, and that the said acts were unprofessional and dishonorable." The master had before him the original bond for examination while a certified copy only is found in the record, hence he was in a somewhat better position to judge of the proof on this point than we are. We think, however, that the evidence in the record before us sustains the conclusions of the master as to the signing of the bond.

Counsel for respondent argues that it is strange that Doody, when his attention was called to this bond by attorney Charles, did not see the respondent about it. The Ruehlman litigation, in which this bond was given, was decided adversely to respondent's client in November or December, 1906. Doody, as early as 1903, had trouble with respondent as to the settlement of his accounts in the Collins estate and had turned the matter over to another attorney, Joseph A. O'Donnell, in 1904. Attorney Charles wrote Doody in 1907 as to the bond, and Doody told Charles, as soon as his attention was called to the bond, he (Doody) had never signed it and immediately made an affidavit to that effect. We see no reason why Doody should have interviewed respondent at this time, as there was already a serious controversy existing between them as to the accounts in the Collins estate.

We are of the opinion that the respondent's explanation as to how he came to sign Doody's name on the face of the bond, as well as his testimony as to how Doody came to sign the affidavit in person but did not sign the bond itself, is unreasonable. The signing of the bond, so far as the question of security was concerned, was much more important than the signing of the affidavit. In *People* v. *Huggard*, 217 Ill. 366, an attorney was disbarred for being a

party to a conspiracy whereby two attorneys prepared a bill for divorce for their client upon grounds which they knew did not exist, signing her name to the bill and affidavit without her consent, and seeking to obtain service by publication upon the defendant although they knew his place of residence and that it was in this State. That case was very similar to the portion of this case which relates to the signing of the bond. We think the proof in this record that respondent signed the bond as charged is of such a character as to require his disbarment by this court.

Our conclusion as to the respondent's acts with reference to this bond makes it unnecessary to discuss the evidence as to his acts in connection with the Collins estate.

The rule will be made absolute and the respondent's name stricken from the roll of attorneys of this court.

*Rule made absolute.*